FULLERTON LUMBER COMPANY *v.* CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY.

No. 47. Argued January 9, 1931.—Decided February 24, 1931.

*Mr. Stanley S. Gillam* for petitioner.

*Mr. A. C. Erdall,* with whom *Messrs. F. W. Root, O. W. Dynes,* and *C. O. Newcomb* were on the brief, for respondent.

Mr. Justice Brandeis delivered the opinion of the Court.

The Chicago, Milwaukee, Saint Paul & Pacific Railroad Company brought this action in the federal court for Minnesota to recover from the Fullerton Lumber Company freight charges on a carload of coal shipped to it. The case was tried without a jury. The defence was payment. It appeared that, upon delivery of the car, the carrier had, as customary, accepted the defendant's check on a local bank for the amount of the charges; that it had delayed presenting the check for payment; and that meanwhile the bank had failed. The defendant contended that it was relieved from liability because of the carrier's unjustifiable delay in presenting the check. The trial court ruled that the Interstate Commerce Act requires that a carrier's charges be paid strictly in currency; and that since the check had not been paid, the defendant was liable even if the carrier's failure to receive the money was due wholly to its own negligence. Judgment entered for the carrier was affirmed by the Circuit Court of Appeals. 36 F. (2d) 180. This Court granted a writ of certiorari. 281 U. S. 709.

It has long been settled that payment of a carrier's charges must be made in money; and that the payment must be cash as distinguished from credit.[1] The purpose

---

[1] Conference Ruling No. 207 of Interstate Commerce Commission (September 15, 1906); *Louisville & Nashville R. Co.* v. *Mottley,* 219 U. S. 467, 476; *Chicago, Indianapolis & Louisville Ry. Co.* v. *United States,* 219 U. S. 486; *Chicago & North Western Ry. Co.* v. *Lindell,* 281 U. S. 14, 16. Compare Ex parte No. 73, 57 I. C. C. 591, 596; 63 I. C. C. 375; 69 I. C. C. 351. Rules promulgated June 4, 1920, permitted the carrier to extend credit for ninety-six hours after delivery, and provided that "the mailing [within this prescribed period] by the shipper of valid checks, drafts, or money orders which are satisfactory to the carrier," should be deemed proper payment. Ex parte No. 73, Rule 5, 57 I. C. C. 596a, 596b.

of the requirement is solely to prevent rebates or unjust discrimination and to ensure observance of the tariff rates. Compare *Chicago & North Western Ry. Co.* v. *Lindell,* 281 U. S. 14, 16. The Interstate Commerce Act does not in terms prescribe that the charges shall be paid in money; that is, in coin or currency. There is no reason for denying to the parties the convenience and safety incident to making payment, in accordance with the prevailing usage of business, by means of a check payable on demand drawn on a going bank in which the drawer has an ample deposit.

Whether in the case at bar the defendant is liable depends, not upon any provision of the Interstate Commerce Act, but upon the rules of law generally applicable to payment by check. These, and other questions which have been argued, need not be considered by us.

*Reversed.*