SCHEB, Acting Chief Judge.
In this appeal we address the issue of whether law enforcement officers had probable cause to search a vehicle stopped for a speeding violation when one of the officers observed through the window a short cut straw of a type often used in drug activity. We hold there was no probable cause to search the car based on that observation alone.
The state charged Willie Douglas, Marshall Anderson, and Leo Loston with trafficking in cocaine and possession of a firearm during the commission of a felony. Defendant Anderson moved to suppress the cocaine and weapons seized by officers of the Florida Highway Patrol. Anderson’s motion was adopted by defend *5 ants Douglas and Loston. At the hearing on the motion, Troopers Vamell and Hutchinson testified that on June 8,1985, around 9:00 p.m. they clocked the Winnebago in which defendants were riding as going 65 m.p.h. in a 55 m.p.h. zone. The troopers noticed a tail light was not working and stopped the vehicle. From the doorway of the vehicle one of the troopers observed what appeared to be a “cut straw” on the floor. According to Trooper Varnell, Hutchinson stepped inside, reached down and grabbed the straw, looked at it, and thereafter the defendants were arrested for possession of paraphernalia. The troopers did not mention any other possible signs of any criminal activity.
After finding that all three defendants enjoyed a reasonable expectation of privacy in their vehicle, the trial judge denied their motion to suppress. The defendants then pled nolo contendere, reserving their right to appeal the denial of their motion to suppress.
We think the officers had an articu-lable, founded suspicion and hence properly stopped the vehicle driven by Willie Douglas in which Marshall Anderson and Leo Loston were passengers. As the state correctly points out, motor homes on the open road come within the general automobile exception to the warrant requirement. California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Therefore, the focus of our review is whether the officers had probable cause to search the defendants’ Winnebago. The test to determine probable cause to arrest is whether the facts and circumstances within the officer’s knowledge are sufficient to warrant in a person of reasonable caution the belief that an offense has been committed. Benefield v. State, 160 So.2d 706, 708 (Fla. 1964).
In Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978), this court reviewed a factually similar situation. There an officer shined his flashlight into a vehicle’s interior and observed two cigarettes twisted shut at both ends. The officer went into the vehicle, seized the hand-rolled cigarettes, and after examining them, determined they appeared to contain marijuana. After placing the defendant under arrest, the officer searched the vehicle and seized additional contraband. In Carr, this court held that there was no probable cause to arrest the defendant because at the time the officer looked into the vehicle all he could see were two cigarettes. Therefore, the seizure of the cigarettes and the other subsequently-taken items were improperly seized. Carr at 959.
Here, the evidence at the suppression hearing revealed that Trooper Hutchinson, with the illumination of his flashlight, scanned the interior of the motor home and noticed a straw two or three inches long with a cut end. This aroused his suspicion. Hutchinson explained that straws used in drug activity are sometimes cut in a slant and usually are two to three inches in length. Hutchinson was shown a short cut straw almost identical in size and shape to the one seized. After stating that “it appeared to have been intentionally cut,” he was asked if the cut could be the design of the manufacturer. He responded, “[Y]ou couldn’t rule it out, I guess, to be fair.” When confronted with a fruit punch straw, cut at an angle and approximately three inches long, he agreed that although the straw in itself would not point to a criminal activity, “it could in certain circumstances.” Officer Hutchinson testified that when he saw the cut straw, he decided to seize it and arrest the defendants even though he had not seen any other evidence of contraband, guns, or weapons.
The state directs our attention to Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed. 502 (1983), in which the Supreme Court validated the seizure of a party balloon which an officer noticed while lawfully outside an automobile during a routine driver’s license check. The state contends that the Supreme Court’s 1983 pronouncement supersedes this court’s 1978 opinion in Carr, and Carr should be renounced. We believe, however, that the instant case is easily distinguished from Texas v. Brown because there it was not merely the existence of the party balloon in the car that aroused suspicion, but the unusual *6 way it was knotted near the tip in a manner consistent with a frequently used method of packaging narcotics. Furthermore, the officer could see several plastic vials, an open bag of party balloons, and quantities of loose white powder. All this was observed by the officer while he was still outside the vehicle. In the instant case, however, the only indication of criminal activity the officer observed while outside the vehicle was the small cut straw. It is clear from the testimony that the trooper saw what appeared to him to be cocaine residue only after he stepped into the trailer and picked up the straw.
Viewing the facts most favorably to the trial court’s ruling, as we must on review of a trial court’s decision on a motion to suppress, McNamara v. State, 357 So.2d 410 (Fla.1978), we cannot find that the facts established probable cause for the officers to have conducted a search of the vehicle. Benefield, 160 So.2d 706.
Appellants’ judgments and sentences are reversed.
FRANK and HALL, JJ., concur.