567 So.2d 950 (1990)
STATE of Florida, Appellant,
v.
Mark Edward NEUMANN, Appellee.
No. 89-1249.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Rehearing Denied October 17, 1990.
*951 Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellee.
GARRETT, Judge.
The State appeals the trial judge's granting of appellee's motion to suppress evidence of cocaine and drug paraphernalia possession. The ruling was based on Anderson v. State, 532 So.2d 4 (Fla.2d DCA 1989); however, the trial judge made no finding of facts.[1]
The state's version of the facts was as follows: At 2 a.m., as Sergeant Witt (Witt) patrolled State Road 5 in the City of Sebastain, he saw a jeep cross back and forth over the center line. Because the jeep crossed the line at least three times, Witt thought the driver might be intoxicated. He stopped the jeep driven by appellee for failure to drive in a single lane. Backup officer Reardin motioned for Witt to look at a short straw lying on appellee's passenger seat. Witt concluded based upon his training and experience that the straw was cut to snort cocaine and he immediately seized it. The white powder on the tip of the straw field tested positive for cocaine. Witt advised appellee of his rights and asked if the jeep contained any other contraband. Appellee did not mention cocaine, but said he had a wood "dugout" (a pipe to smoke marijuana) in his jacket. As the arrested appellee walked into the police station, he stepped on a small vial that had fallen to the ground. Appellee remarked that the crushed vial contained "the cocaine you were looking for."
Appellee's version of his driving was that he twice with turn signals changed lanes only because "[the officer] was [close] behind [him] the whole time in [his] blind spot."
We reverse based upon the reasoning of Caplan v. State, 531 So.2d 88 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1577, 103 L.Ed.2d 942 (1989), and we distinguish Anderson.
Neither the legality of the traffic stop nor Witt's "plain view" observations is in dispute and our analysis does not depend upon a finding that the officer had probable cause to arrest appellee for drunk driving. The relevant issue is whether Witt reasonably concluded that the straw was probably contraband or evidence, not the correctness of his conclusion that appellee was drunk driving.
*952 In Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), the Supreme Court stated that "[It] must be `immediately apparent' to the police that the items that they observe may be evidence of a crime, contraband, or otherwise subject to seizure." Id. 460 U.S. at 736-737, 103 S.Ct. at 1540-1541, 75 L.Ed.2d at 510 (citation omitted). A police officer does not have to "know" that a certain item is contraband or evidence, but rather, he or she only has to have probable cause to associate the property with criminal activity. The Court then explained the probable cause standard:
It merely requires that the facts available to the officer would `warrant a man of reasonable caution in the belief' (citation omitted) that certain items may be contraband ... or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false. A `practical, nontechnical' probability that incriminating evidence is involved is all that is required. (citation omitted)... . `The process does not deal with hard certainties, but with probabilities... . Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.'
Id. 460 U.S. at 742, 103 S.Ct. at 1543, 75 L.Ed.2d at 514 (citation omitted).
In Anderson, the defendant was stopped for speeding and arrested for possession of drug paraphernalia after an officer observed a cut straw inside a motor home. The officer saw no other evidence of criminal activity. The third district found a lack of probable cause to enter the vehicle and seize the straw as contraband. We agree since there is no absolute correlation between speeding and drug use. Because non-drug users also speed, it is not probable that a reasonable person would believe every speeding involves intoxicants. The Anderson straw never lost its status as an "innocent" common item.
In Caplan, an officer observed cigarette papers in the defendant's wrecked car. The officer saw no other evidence of criminal activity. The supreme court found a lack of probable cause to enter the vehicle and seize the cigarette papers (to roll marijuana) as contraband. We agree since there is no absolute correlation between car wrecks and drug use. Because non-drug users also have car accidents, it is not probable that a reasonable person would believe every car accident involves intoxicants. The Caplan cigarette papers never lost their status as an "innocent" common item.
The Caplan court reasoned: There must be at least an additional objective and reasonably specific element justifying the state agent's inference of wrongdoing. Under a probable cause standard, that is, the officer at the scene must be able to explain to an objective magistrate or judge `just how it is possible to distinguish such [straw] from other [straws].' (citing 1 La Fave, Search & Seizure: A Treatise on the Fourth Amendment 573 (1987)).
We believe appellee's driving is the additional objective and reasonably specific element which justified Witt's entry into the vehicle and his seizure of the straw. The officer saw what he believed was evidence of other criminal activity: driving under the influence[2] in violation of section 316.193, Florida Statutes (1987). There is an absolute correlation between driving under the influence incidents and drug use. Because only alcohol or substance abusers drive drunk, it is probable that a reasonable person would believe that every drunk driving incident involves alcohol, chemical, or controlled intoxicants. There was no evidence that appellee was under the influence of alcohol (a drug), so Witt could only conclude that a chemical or controlled substance was the influence that caused what he perceived to be drunk driving. The appellee's straw lost its status as an "innocent" common item when Witt reasonably concluded that appellee probably used the *953 straw to snort a controlled substance. The officer legally seized the straw as contraband and as evidence of driving under the influence of cocaine.
Accordingly, we reverse the order granting the motion to suppress and remand for further proceedings consistent herewith.
HERSEY, C.J., concurring specially with opinion.
WARNER, J., dissents with opinion.
HERSEY, Chief Judge, concurring specially.
The dissenting opinion suggests that the majority has violated a fundamental principle of appellate review by accepting the version of the facts presented by and thus most favorable to the appellant.
In the language of the dissent, "after two and a half miles of shifting [lanes] and slowing ... the officer pulled appellee over." This is precisely the conduct the officer relied on in concluding that appellee may have been driving under the influence. Whether or not appellee in retrospect establishes a satisfactory explanation of his conduct is totally immaterial to the question whether that conduct justified the stop in the first instance. It is only the objective, physical and therefore observable conduct which properly enters into the equation which measures founded suspicion. For this reason I concur with the majority opinion.
WARNER, Judge, dissenting.
I dissent because the majority, contrary to fundamental principles of appellate review, opts for a reversal based upon the version of facts most favorable to the appellant state and upon a theory never argued by the state in their brief.
The arresting officer testified that at 2:00 a.m. of January 30, 1989, he observed appellee's vehicle cross the white lines of State Road 5 (U.S. 1) which is a four lane highway. The officer did not remember how many times appellee crossed the line but testified that he wouldn't stop a vehicle unless it had crossed the line three times. This led him to suspect the driver might possibly be intoxicated. He pulled appellant over, and he approached appellee sitting behind the wheel. It was at that point that he observed a short regular straw.
In contradiction, appellee testified that the officer began following him and would get right in his "blind" spot." Appellee tried to slow down and shifted lanes several times using his signal for each lane change, as he was uncomfortable with the car in his blind spot. After two and a half miles of shifting and slowing in an attempt to get the officer beside him and out of his blind spot, the officer pulled appellee over.
This difference in testimony is important. The majority's opinion assumes that the officer's version of the facts is correct and that the officer observed conduct which would give the officer a founded suspicion of driving while intoxicated. On the other hand, appellee's version of the facts would not lead to that same conclusion. Thus, if the facts are viewed, as we ought to, most favorable to appellee, the driving would not serve as the additional objective and reasonably specific element which justifies an inference of wrongdoing. See Caplan v. State, 531 So.2d 88 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1577, 103 L.Ed.2d 942 (1989). Thus, adhering to well established principles of appellate review, I would affirm.
NOTES
[1] At the conclusion of the motion to suppress hearing, the trial judge said, "I'm inclined to agree with Anderson. I think the number three element is lacking... ." (We assume he was referring to the `immediately apparent' part of the test set out in Texas v. Brown, 460 U.S. 730, 736-737, 103 S.Ct. 1535, 1540-1541, 75 L.Ed.2d 502, 510 (1983).

The Order to Suppress Evidence reads, "Anderson v. State, (citation omitted), is the controlling case, in that the observation of a cut straw in an automobile together with a non-criminal traffic infraction is insufficient probable cause to search the automobile. Alleged contraband found subsequent to the illegal search must be suppressed consistent with the derivative evidence Rule."
[2] "[O]f alcoholic beverages, and chemical substance set forth in § 877.111, or any substance controlled under chapter 893, ... ." § 316.193(1)(a), Fla. Stat. (1987).