W. SHARP, Judge.
G.E.C. appeals from the trial court’s judgment which found him to be delinquent and placed him on community control. He had pled nolo contendere to burglary of a conveyance and grand theft, but reserved his right to appeal the denial of his motion to suppress the evidence of those crimes, which was obtained after his arrest for “loitering and prowling.” [1] We agree the undisputed facts of this case require a reversal.
During the evening of May 11, 1990, two Melbourne police officers responded to a call that several black males were lurking on foot behind closed businesses near Glen’s Tire Store. Officer Wild testified he saw no one on foot, but as he approached Glen’s Tire Store he saw a vehicle without any lights on driving north on the dirt road behind the stores. They followed it and shortly after it turned onto U.S. 1, the driver put his headlights on.
The officers turned on their blue lights to stop the vehicle. Before they could get out of their police car, a passenger jumped out of the pursued vehicle and fled on foot. He was chased, but was not found.
G.E.C. got out of the pursued vehicle and asked why he had been stopped. The officers saw cassettes strewn over the front seat and speakers that were not completely bolted down in the back. Officer Wild testified he observed nothing about G.E.C. which gave probable cause to arrest him other than stopping him for a traffic infraction (driving without lights on).
Sargent, the other officer, testified he stopped G.E.C. because of the traffic infraction, but he immediately arrested him for loitering and prowling, although neither officer had seen G.E.C. outside of his vehicle. They only saw the car he was driving come from the north side of Glen’s Tire Store.
G.E.C. was taken to the Melbourne police station. A computer check revealed that a vehicle later found by the police in the parking lot near the closed businesses had been stolen. Subsequently, an evidence technician, as well as the owner of the stolen car and his father, identified the tapes and speakers as having been stolen from the car in the parking lot. However, at the time of the arrest, Sargent did not have any basis to suspect the articles were stolen or that G.E.C. had procured them after burglarizing another vehicle.
The key question in this case is whether officers Wild and Sargent had probable cause to arrest G.E.C. for “loitering and prowling,” or for any other crime, at the time he was arrested. If they did then the evidence seized after his arrest was properly admitted to prove the burglary and theft charges. If not, then it was seized following an invalid arrest, and under the “fruit of the poisonous tree doctrine”,[2] it must be suppressed.
Although evidence of the burglary was clearly visible to the police officers when they stopped G.E.C. for the traffic infraction, they had no basis to think or even suspect it had been stolen from a vehicle which had yet to be discovered and identified, and they so testified. The presence of speakers not fully attached and a messy *1340 pile of cassette tapes in the front seat of a car driven by a teenaged boy are not sufficient circumstances, by themselves, to justify an arrest under the “totality of the circumstances” test.[3]
It also seems clear that the officers lacked a basis to arrest G.E.C. for “loitering or prowling.” Section 856.021 makes it “unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” Section (2) lists circumstances which may create alarm or concern: fleeing from a police officer, refusing to identify oneself, and hiding oneself or any object.
Since loitering and prowling is a misdemeanor offense, all of the elements of the offense must occur in the presence of the arresting officer to constitute a legal arrest. See State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990); Z.P. v. State, 440 So.2d 601 (Fla. 3d DCA 1983); T.L.M. v. State, 371 So.2d 688, 689 (Fla. 1st DCA 1979). Here, the testimony was uncontro-verted that G.E.C. was not observed by these officers to loiter or prowl,[4] nor did he flee from them, refuse to identify himself, or conceal himself or any other object from them. They only observed G.E.C. in a vehicle, first in a parking lot and then driving down a road in a car without its headlights on. Clearly, they may have had grounds to stop him and inquire about what he had been doing in the area. But, based on what they personally observed, they did not observe G.E.C. commit the substantive offense of “loitering and prowling”[5] and accordingly there was no probable cause to arrest him for that crime.
Accordingly, we reverse the judgment appealed.
REVERSED and REMANDED.
DIAMANTIS, J., concurs.
COBB, J., dissents with opinion.

. Section 856.021, Fla.Stat. (1989).

. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Sanchez-Velasco v. State, 570 So.2d 908, 913 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2045, 114 L.Ed.2d 129 (1991).

. Cross v. State, 560 So.2d 228, 230 (Fla.1990) and cases cited therein; Bostick v. State, 554 So.2d 1153, 1155 (Fla.1989), reversed, — U.S. -, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).

. Hanks v. State, 195 So.2d 49 (Fla. 3d DCA 1967), relied upon by the dissent, is distinguishable on the facts and on the law. Much more than being in a moving car was involved in Hanks. In that case, two police officers were investigating two other cars in a deserted area at three o’clock a.m. Two hundred yards from them the officers saw the defendant's car stop beside a “weeded field”, and extinguish its lights. The officers went over to inquire and found the defendant and another person attempting to hide beneath the dashboard. In the rear seat, the officers also saw the shell of a safe. The defendant was unable to explain where he got the safe, what he was doing there, where the junk yard was or what time it opened, although he claimed that is where he was going.
The district court upheld the arrest for vagrancy under section 856.02, a crime, repealed in 1972. As then written, the statute defined "vagrancy" with much less specifics than section 856.021 (loitering and prowling). Prohibited were persons who wandered or strolled around from place to place without any lawful object. Hank’s attempt to conceal himself in his car would probably have justified his arrest under the current statute.

. T.T. v. State, 572 So.2d 21 (Fla. 4th DCA 1990); Lucien v. State, 557 So.2d 918, 919 (Fla. 4th DCA 1990); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985).