W. SHARP, Judge.
The state appeals from the trial court’s order suppressing evidence which was discovered after K.S. was taken into police custody. The state argues that the actions of the police officer, which detained K.S., were proper whether based on probable cause or-an arrest. We agree and reverse.
At the suppression hearing, Detective Wilkinson of the Seminole County Sheriffs Department, testified he was conducting surveillance on the evening of November 28, 1995 in a neighborhood of Altamonte Springs known for illegal drug sales. He was hiding in some bushes when he observed K.S., a minor, holding a green bottle in a brown paper bag, which appeared to be an open container of alcohol. K.S. then discarded the bottle and a car pulled up. Wilkinson observed K.S. converse with the driver, and put his left hand, palm up, into the driver’s window, and stir small items in his palm with his right index finger. He then selected two items from his palm and handed them to the driver.
Wilkinson could not discern what the items were or how they were packaged. He could, however, describe them as being small items. He stated that in his experience with drug activity in that neighborhood, K.S.’s actions were “very indicative of a drug transaction.”
Wilkinson then observed K.S. lean into the ear window and retrieve six, twelve-packs of Budweiser beer from the passenger seat. K.S. then walked toward a nearby grocery store, and after entering, placed the beer on top of the counter.
Wilkinson testified he feared K.S. would flee. Thus, he waited until K.S. had entered the grocery store before leaving his hiding place. He then entered the store and grabbed K.S. by the shirt from behind. K.S. dropped seven pieces of crack cocaine on the floor, and tried to step on them.
*106 The trial court apparently granted the motion to suppress because it did not believe Wilkinson had probable cause to stop or arrest K.S. However, a police officer does not have to “know" that a certain item is contraband. He only must have probable cause to associate the property with criminal activity. State v. Neumann, 567 So.2d 950, 951 (Fla. 4th DCA), rev. denied, 576 So.2d 289 (Fla.1991). The United States Supreme Court has held that all that is required in such instances, is that it be immediately apparent to the officer that what is being observed might be contraband. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
Probable cause exists where police observe other factors which lead them to believe a drug transaction is occurring, even though they do not actually observe the exchange of money for contraband. Reyes v. State, 541 So.2d 772 (Fla. 3d DCA 1989).[1] In this case, the detective observed a transfer of beer for probable drugs. Cash is not the only medium of exchange in a drug transaction. Payment in kind is a typical way of transacting business on the streets. Precin v. United States, 23 F.3d 1215 (7th Cir.1994)(cocaine received for personal use is payment in kind for services rendered in distributing cocaine); United States v. Harris, 997 F.2d 812, 818 (10th Cir.1993).
However, we also conclude that Wilkinson had grounds to arrest K.S. at the time he approached him in the grocery store. He saw K.S. drinking from a bottle that appeared to contain an alcoholic beverage, and he saw K.S. take possession of several twelve packs of Budweiser beer. The possession of alcohol by a minor is a misdemean- or offense. § 562.111, Fla. Stat. (1995).[2] Where, as here, all the elements of a misdemeanor offense occur in a police officer’s presence, the officer may make a warrantless arrest. Malone v. Howell, 140 Fla. 693, 192 So. 224 (Fla.1939); G.E.C. v. State, 586 So.2d 1338 (Fla. 5th DCA 1991); State v. Yunker, 402 So.2d 591 (Fla. 5th DCA 1981).
REVERSED AND REMANDED.
GOSHORN, J., concurs.
THOMPSON, J., dissents with opinion.

. This case is distinguishable from State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994) because Wilkinson saw more than K.S.'s mere presence around a vehicle.

. That statute provides:
562.111 Possession of alcoholic beverages by persons under age 21 prohibí ted.-
(1) It is unlawful for any person under the age of 21 years, except a person employed ... to have in his possession alcoholic beverages ... [A]ny person under the age of 21 who is convicted of violation of this subsection is guilty of a misdemeanor....