W. SHARP, J.
Willis appeals from his convictions and sentences for possession of more than 20 grams of cannabis,[1] and no vehicle registration.[2] He entered a guilty plea to both counts, reserving his right to appeal the denial of his motion to suppress evidence of the contraband on the ground that its discovery was the product of an illegal search. We affirm.
The record established that Willis was driving his car to carry out his move from Tampa to Orlando. He was stopped by a police officer for having no tag on his vehicle. Although Willis had a valid drivers license, he had not registered his vehicle or obtained a tag for it. Willis had recently purchased his car in Tampa. He previously had owned a truck, but it had been repossessed. Willis claimed the tag for his truck had been stolen.
Willis explained that he had been informed by the Tampa Police Department that he had thirty days within which to obtain a tag, and that he had decided to wait to register his vehicle and obtain the tag until his move to Orlando was completed because insurance was cheaper there. When Willis failed to produce his registration, the officers arrested him and conducted a search of his vehicle. They discovered a ziplock bag with 72 individual baggies containing marijuana, together with a scale, in the middle of his console.
Although there was some confusion in the record, Willis was charged with violation of section 316. 605(1), Florida Statutes (1997), failure to display a tag, section 320.0605 for not having the registration on his person, and section 320.02, which requires an owner of a motor vehicle to have the vehicle registered in the state. Sections 316.605(1) and 320.0605(1) are noncriminal traffic offenses; section 320.02 is *1007 a misdemeanor. § 320.57(1),, Fla. Stat. (1997).[3]
The trial court found that Willis was initially stopped for not having a license tag on his vehicle, which is a civil traffic infraction. Thus, its violation does not justify an arrest or the search of a vehicle, but does justify a stop. See Sands v. State, 753 So.2d 630 (Fla. 5th DCA 2000); State v. Parrish, 731 So.2d 101 (Fla. 2d DCA 1999); Saviory v. State, 717 So.2d 200 (Fla. 5 th DCA 1998); Holmes v. State, 710 So.2d 651 (Fla. 4 th DCA 1998); Powell v. State, 649 So.2d 888 (Fla. 2d DCA 1995).
The order denying the motion to suppress determined that Willis had been “properly arrested for violation of F.S. 320.605[sic], a misdemeanor of the second degree. F.S. 320.57(1).” The order concluded that because the arrest was for a criminal offense, the search was proper. Its conclusion is incorrect as to section 320.0605, because that section is not a misdemeanor offense. However, the arresting officer testified, Willis was arrested for failure to register the car, a violation of section 320.02, which is a misdemeanor offense. Because violation of section 320.02 is a criminal offense, its violation justified the search and legitimized the subsequent discovery of contraband in Willis’s vehicle.[4]
AFFIRMED.
DAUKSCH and COBB, JJ„ concur.

. § 893.13(6)(a), Fla. Stat. (1997).

. §§ 320.02(1) and 320.57, Fla. Stat. (1997).

. Section 320.57(1) provides that any person convicted of violating chapter 320 is guilty of a misdemeanor of the second degree, "unless otherwise provided herein " (emphasis added). Section 320.0605 provides that a "violation of this section is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.” In contrast, violation of § 320.02 does not contain a provision opting it out of the misdemeanor classification of section 320.57. Hence, it is a criminal misdemeanor.

. .,§ 320.57, Fla. Stat. (1997). Law enforcement officers may arrest a person without a ' warrant when the person has committed a misdemeanor offense in the presence of the officer. See, Fripp v. State, 25 FLW D373, - So.2d -, 2000 WL 140371 (Fla. 4th DCA Feb. 9, 2000); State v. K.S., 694 So.2d 104 (Fla. 5 th DCA 1997); Freeman v. State, 617 So.2d 432 (Fla. 4 th DCA 1993). See also, *1008 Malone v. Howell, 140 Fla. 693, 192 So. 224 (1939).