804 So.2d 501 (2001)
STATE of Florida, Appellant,
v.
Ndidi O. OSUJI, Appellee.
No. 2D01-743.
District Court of Appeal of Florida, Second District.
December 19, 2001.
Rehearing Denied January 23, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State appeals the order dismissing the information charging Ndidi O. Osuji with obstructing or opposing a law enforcement *502 officer with violence and battery on a law enforcement officer.[1] We reverse.
The charges against Osuji stemmed from Osuji's fleeing two law enforcement officers who had stopped his vehicle after he committed traffic infractions in an attempt to avoid a driver's license checkpoint. The officers gave chase and caught up to Osuji while he was scaling a fence. During the struggle to handcuff Osuji, he struck one of the officers. An officer at the checkpoint radioed the arresting officers to stop Osuji after she observed him make an abrupt turn without using a signal just before reaching the checkpoint and drive through a retirement home parking lot.
A conviction for either obstructing a law enforcement officer or battery on a law enforcement officer requires proof that the officer was engaged in the performance of a lawful duty. Taylor v. State, 740 So.2d 89, 90 (Fla. 1st DCA 1999). The arresting officers were authorized to stop Osuji based upon section 316.074(2), Florida Statutes (2000) ("No person shall drive any vehicle from a roadway to another roadway to avoid obeying the indicated traffic control indicated by such traffic control device."[2]) and section 316.155 (requiring use of turn signal). Violation of this statute constitutes a noncriminal traffic infraction, § 316.074(2), .155(5), for which an individual may be stopped by law enforcement. See Willis v. State, 762 So.2d 1005 (Fla. 5th DCA 2000). Thus, the officers were lawfully attempting to stop Osuji when he committed the offenses with which he was charged. Consequently, the information against Osuji should not have been dismissed.
Accordingly, we reverse the order dismissing the information against Osuji and remand with instructions that it be reinstated.
Reversed and remanded.
FULMER, A.C.J., and STRINGER, J., Concur.
NOTES
[1] The order erroneously states that the trial court was granting a motion to suppress.
[2] Traffic control devices are defined in section 316.003(16), Florida Statutes (2000), as follows: "All signs, signals, markings, and devices, not inconsistent with this chapter, placed or erected by authority of a public body or official having jurisdiction for the purpose of regulating, warning, or guiding traffic."