396 So.2d 278 (1981)
SUNLAND TRAINING CENTER and Division of Risk Management, Appellants,
v.
Sallie Mae BROWN, Appellee.
No. TT-425.
District Court of Appeal of Florida, First District.
April 8, 1981.
*279 Jack A. Langdon of Jones & Langdon, Gainesville, for appellants.
Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from a workers' compensation order awarding benefits to appellee/claimant. We reverse.
Appellee filed two claims for compensation, resulting from two separate work-related accidents which occurred on April 26, 1975, and October 16, 1976. In the notice of hearing on her claims, the deputy commissioner listed the dates of both accidents, thereby indicating that both accidents would be considered together. At the outset of the hearing, the parties agreed to consolidate the claims relating to both accidents. However, when the deputy commissioner handed down his order, he ruled only as to the 1976 accident. Appellants cite as error the deputy commissioner's failure to rule on the 1975 accident. Both parties agree that evidence was not presented as to the 1975 accident. Therefore, the deputy commissioner had no evidence upon which to base a decision as to the 1975 accident. We recognize that a deputy commissioner should resolve all issues before him. See Davidson v. Nezelek, Inc., IRC Order 2-3229 (1977), and Andrews v. Strecker Body Builders, 92 So.2d 521 (Fla. 1957). However, in this case, although the 1975 accident was in issue, appellee did not meet her burden of proving her claim as to that accident. Therefore, we remand to the deputy commissioner for entry of an order disposing of the 1975 claim for lack of evidence.
As to the disposition of the claim relating to the 1976 accident, appellants have raised two points for review. In one point, appellants argue that the deputy commissioner erred in ordering employer/carrier to pay for past medical treatment by Dr. Sanchez and the bills from Union General Hospital and Gainesville Radiology Group. Without seeking authorization from her employer as required by § 440.13(1), Florida Statutes, appellee consulted Dr. Sanchez, who hospitalized her for tests. Appellee did not inform her employer of her hospitalization until after her discharge. Neither Dr. Sanchez, the hospital, nor the radiology group submitted the proper forms as required by § 440.13(1). In ordering payment of the medical bills, the deputy commissioner found that the treatment and the hospitalization was the result of an emergency situation, thereby excusing noncompliance with § 440.13(1). However, the record is void of competent substantial evidence indicating emergency. Therefore, because of appellee's noncompliance with § 440.13(1), the award of payment of those medical bills was error.
In their last point on appeal, appellants assert that the deputy commissioner erred in ordering employer/carrier to pay compensation at the rate of $79.50. The parties had stipulated to an average weekly wage of $132.50. At the hearing, appellee testified that she received $257 per month in social security benefits. The deputy commissioner found that she received $250 per month in social security benefits. Section 440.15(10), Florida Statutes, provides that weekly compensation payable to a claimant, when combined with the social security disability benefits, cannot exceed 80% of the employee's average weekly wage. Mathematical computation reveals that the award of $79.50 per week, when combined with the social security disability benefits appellee receives, results in appellee receiving weekly compensation benefits in excess of 80% of her average weekly wage. We reverse the award of $79.50 temporary total disability benefits and remand *280 for entry of an award of temporary total disability benefits which comports with the requirements of § 440.15(10).
Reversed and remanded for entry of a new order consistent with this opinion.
SHIVERS and JOANOS, JJ., concur.