PER CURIAM.
The Employer/Carrier appeal a workers’ compensation order which awarded claimant temporary total disability benefits. We find that the award of temporary total disability benefits is supported by substantial competent evidence.
Paragraph one of the decretal portion of the deputy’s order erroneously provides for payment of temporary total disability benefits until claimant shall have reached maximum medical improvement or shall have returned to gainful employment. There is no automatic relationship between temporary total disability and the achievement of maximum medical improvement, or the return to work by the injured party. National Airlines v. Rowley, 9 FCR 262 (1975); Winn Dixie Stores, Inc. v. Hill, IRC Order 2-3645 (1979). Therefore, this portion of the order is hereby amended to confine payment of temporary total disability benefits to the actual period of temporary total disability.
Paragraph two of the decretal portion of the deputy’s order erroneously overlooks the time limitations of Section 440.-13(3)(b), Florida Statutes (1977) in its award of remedial treatment. This portion of the order is amended as follows:
The employer/carrier shall provide to the claimant such care and treatment as the nature of her injury or the process of her recovery may require, under a qualified psychiatrist in the Lake County area who is mutually agreeable to the claimant and the employer/carrier, in the manner and for the time provided by law.
Luv Auto Sales, Inc. v. Murphy, IRC Order 2-3567 (1978), cert. dismissed 373 So.2d 459 (Fla.1979).
As amended, the order is affirmed.
BOOTH and JOANOS, JJ., and PEARSON, TILLMAN (Retired), Associate Judge, concur.