414 So.2d 641 (1982)
WILLARD KAUFMAN COMPANY, Self Insured Services, Appellants,
v.
Charles RAWLINGS, Appellee.
No. AE-326.
District Court of Appeal of Florida, First District.
June 2, 1982.
Bernard J. Zimmerman and W. Michael Miller, of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Ronald J. Langa and Herbert H. Hall, Jr., of Maher, Overchuck, Langa & Cate, Orlando, for appellee.
SHIVERS, Judge.
The employer/carrier raise five points for review in this workers' compensation appeal. We affirm on all points. The deputy commissioner found that claimant suffered a compensable heart attack. The employer/carrier was ordered to pay: temporary total disability (TTD) benefits from the date of the accident until such time as claimant reaches maximum medical improvement (MMI); all medical bills incurred from the accident; taxable costs and a reasonable attorney's fee.
There is substantial competent evidence supporting the finding that claimant's heart attack was compensable. Thus, the award of TTD benefits was proper. However, as the employer/carrier has pointed out and claimant has conceded, it was improper to have awarded TTD benefits from the date of the accident until such time as claimant reaches MMI. An injured claimant can be less than totally disabled without having reached MMI. National Airlines v. Rowley, 9 F.C.R. 262 (1975). The capacity to return to work is the critical issue in determination of TTD. Thus, although claimant was TTD at the time of *642 the award, he may regain, at least partially, his ability to return to work before he reaches MMI. Accordingly, we affirm the award of TTD benefits but amend the order to reflect that such benefits shall continue until claimant reaches MMI or is able to return to work. Fowler Harvesting v. Thompson, 394 So.2d 1086 (Fla. 1st DCA 1981); Lake Highland Nursing Home v. Everett, 397 So.2d 380 (Fla. 1st DCA 1981).
We also affirm the portion of the award requiring the employer/carrier to pay the medical bills of Florida Hospital and Dr. Robert Boswell, even though no timely medical reports were filed pursuant to Section 440.13(1), Florida Statutes. The deputy commissioner properly excused the filing requirements for good cause since, among other things, the treatment was rendered in an emergency situation. See Sunland Training Center v. Brown, 396 So.2d 278 (Fla. 1st DCA 1981). We note that claimant was seen by Dr. Boswell on two occasions after his discharge from the hospital. These visits do not fit within this emergency situation context. However, we find that any error in excusing the filing requirements for these two bills was harmless. The employer/carrier has not demonstrated how it was prejudiced by the failure of Dr. Boswell to timely file medical reports for these visits, especially since it was the employer/carrier's position from the outset that claimant's heart attack was not compensable and no medical treatment would be authorized.
Apportionment was properly denied here since there was no medical evidence that claimant, in fact, had a pre-existing condition; and, even assuming that he did, there was no evidence that it was disabling prior to the compensable heart attack. See, Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla. 1967). Finally, the award of costs and attorney's fees is also sustained.
The order of the deputy commissioner is therefore AFFIRMED and AMENDED in accordance with this opinion.
ERVIN and WENTWORTH, JJ., concur.