PER CURIAM.
The employer/carrier (E/C) appeals a compensation order finding that claimant’s injury to her left knee was causally related to an industrial accident and that penalties should be awarded for late payment of benefits. We AFFIRM in part, REVERSE in part, and REMAND with directions.
Claimant fell on January 17,1980, and suffered an injury for which she received temporary total disability benefits through March 8, 1980. She was seen by numerous doctors, but continued to complain of pain, an inability to work, and ineffective medical treatment. On February 2, 1981, the claimant formally requested, by letter, medical treatment from Dr. James C. Johnson. The self-insured employer informed her on February 4, that it would not authorize treatment by Dr. Johnson or any other treating physician in this case. Notwithstanding a lack of authorization, she was examined by Dr. Johnson, who discovered that she suffered from a recurrent dislocation of the left kneecap which he attributed to the January 17, 1980, accident. We find no error in the deputy’s reliance upon the testimony of Dr. Johnson and his determination that the claimant was temporarily totally disabled from the date of the accident to the date of the hearing, except for two weeks of temporary employment. We affirm Points I, II, and III accordingly.
Having determined that temporary total disability benefits are due the plaintiff, the award of penalties is proper unless nonpayment of benefits resulted from conditions over which the employer had no control, or notice to controvert was properly filed with the division. The latter exception is not applicable in this instance, but it appears from the record that prior to February 4,1981, the denial of benefits resulted from conditions over which the employer had no control. Information available to the employer prior to that date indicated that the claimant was able to work and therefore not entitled to temporary total benefits. This situation, however, no longer existed after receipt of the February 2 letter which should have put the carrier on notice that the claimant’s condition needed investigation. Having elected to deny the requested authorization, the employer is now in a poor position to complain of penalties in light of the deputy’s acceptance of Dr. Johnson’s testimony confirming the temporary total disability. Penalties should run from the February 4, 1981, denial of medical authorization. Continued ignorance of the claimant’s condition was self-imposed.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
MILLS, LARRY G. SMITH, and SHAW, JJ., concur.