ERVIN, Judge.
In this workers’ compensation appeal, the employer/earrier raises four points from the order entered. We affirm as to the first two points raised, finding competent and substantial evidence supporting the order as it relates to those two asserted errors. As to the fourth point, alleging error in awarding claimant costs, interest and attorney’s fees, we note that the deputy retained jurisdiction only for that purpose, hence that portion of the order is not yet final and will not be considered by us in this appeal. See Mills Electrical Contractors v. Marthens, et al., 417 So.2d 700 (Fla. 1st DCA 1982).
The third point on appeal attacks the decretal portion of the order which directed the employer/earrier to “[p]ay to the claimant temporary total benefits from May 24, 1981 and continuing, at the rate of $217.75 per week.” The appellee concedes that the form of the order does not comply with those opinions of this court requiring that an award of temporary total benefits shall continue until claimant reaches MMI or is able to return to work. See e.g., Willard Kaufman Co. v. Rawlings, 414 So.2d 641 (Fla. 1st DCA 1982); Lake Highland Nursing Home v. Everett, 397 So.2d 380 (Fla. 1st DCA 1981); Fowler Harvesting v. Thompson, 394 So.2d 1086 (Fla. 1st DCA 1981).
*1176 Accordingly, the decretal portion of the order awarding temporary total benefits is stricken and amended as follows: The employer/carrier shall pay to the claimant temporary total benefits until such time that claimant reaches MMI or is able to return to work, whichever first occurs.
The order is otherwise affirmed.
MeCORD and JOANOS, JJ., concur.