MILLS, Judge.
The employer appeals a compensation order requiring payment of temporary total disability (TTD), medical bills, penalties, costs, attorneys’ fees and nursing services. We affirm.
There is competent substantial evidence of a causal connection between Gren-ka’s current problems and her industrial accident. The employer asserts that the problems were caused by an intentional drug overdose. Grenka denies having taken drugs. The trier of fact may have believed this and we will not second guess him.
Dr. Nagaswami testified to Grenka’s inability to care for herself and her need for constant help. This is adequate medical evidence of an inability to return to work, although conceivably there exists some form of gainful employment for Grenka. The award of TTD until the date of hearing is affirmed. Of course, should the claimant improve medically so that she is able to work, a work search will be required before further entitlement to TTD. The order is modified to award TTD until MMI or such time as the claimant is able to return to work, whichever comes first. Tavares Grove Care v. Simmons, 417 So.2d 1175 (Fla. 1st DCA 1982); Willard Kaufman Company v. Rawlings, 414 So.2d 641 (Fla. 1st DCA 1982).
There is competent substantial evidence that Grenka was considered an employee by her husband’s business, that this was not self-employment, and that Grenka received a benefit of $200 weekly. Concurrent employment within Section 440.-14(l)(a), Florida Statutes (1981), was established.
The entitlement to nursing services is supported by Dr. Nagaswami’s testimony, Coca-Cola Company v. Long, 420 So.2d 900 (Fla. 1st DCA 1982).
AFFIRMED.
ROBERT L. SMITH, Jr., C.J., and McCORD, J., concur.