MILLS, Judge.
In this workers’ compensation appeal, the employer/servicing agent contend the deputy commissioner erred in awarding wage loss benefits, attorney’s fees and temporary total disability (TTD) benefits. We reverse the awards of wage loss benefits and attorney’s fees. We modify the award of TTD benefits and affirm it as modified.
Collins sustained a compensable injury on 18 August 1981. The employer/servicing agent voluntarily paid TTD benefits until 12 October 1982 and wage loss benefits until 1 April 1983. When the wage loss benefits were cut off, Collins sought a hearing on his entitlement to wage loss and TTD benefits. Collins also sought attorney’s fees based on the employer/servicing agent’s alleged bad faith in terminating wage loss benefits.
The deputy commissioner found Collins had not yet reached maximum medical improvement (MMI). He ordered the employer/servicing agent to pay wage loss benefits from 1 April 1983 to 26 May 1983 and TTD benefits from 26 May 1983 until Collins reaches MMI. The deputy commissioner also found the employer/servicing agent acted in bad faith in cutting off wage loss benefits and ordered the employer/servicing agent to pay attorney’s fees pursuant to Section 440.34(3)(b), Florida Statutes (1983).
Wage loss benefits are not awarda-ble before a claimant reaches MMI. Section 440.15(3)(b), Florida Statutes (1983). The deputy commissioner did not find Collins reached MMI prior to the period for which he awarded wage loss benefits. There is also nothing in the record suggesting a prior finding of MMI. The award of wage loss benefits must be reversed.
Because the award of wage loss benefits must be reversed, the award of attorney’s fees based on the employer/servicing agent’s termination of wage loss benefits must also be reversed.
There is competent substantial evidence supporting the deputy commissioner’s finding that Collins had not yet reached MMI. There is also competent substantial evidence supporting the award of TTD benefits. That award, however, must be modified to reflect that TTD benefits shall continue until the claimant reaches MMI or is able to return to work, which *117 ever comes first. City of Miami v. Grenka, 423 So.2d 565 (Fla. 1st DCA 1982).
AFFIRMED in part, and REVERSED in part.
SHIVERS and WIGGINTON, JJ., concur.