MINER, Judge.
The employer/carrier (e/c) files this appeal from the final order issued by the deputy commissioner (dc): (1) awarding claimant temporary total disability benefits (TTD), (2) authorizing Dr. Weiss and awarding payment of his bills, (3) awarding TTD benefits indefinitely, and (4) awarding penalties on all past due TTD benefits. We affirm in part, reverse in part and remand with instructions.
On June 14,1983, claimant was injured in a compensable accident while employed as a nurse’s aide by Carnegie Gardens Nursing Home. She has received workers’ compensation benefits since the accident and has not returned to work. Since her accident, she has been treated by a succession of orthopedic physicians and, shortly after the accident, she was also examined by physicians at Melbourne Neurologic Center who could discover no neurological basis for her complaints.
On April 1,1987, claimant’s attorney sent a letter to the e/c through their attorney seeking authorization for another neurological evaluation of claimant, this time by Dr. Weiss. The attorney requested some response from the e/c by April 15. The following day, claimant filed a claim for compensation benefits and sought authorization for an evaluation by Dr. Weiss and a hearing on that matter. Additionally, her attorney again wrote to counsel for the e/c stressing claimant’s need for a neurological assessment.
On July 1, e/c’s counsel wrote to claimant’s attorney suggesting an evaluation by another orthopedic surgeon rather than by a neurologist. On October 5, 1987, claimant, without authorization, placed herself in Dr. Weiss’ care for purposes of diagnosis and treatment. Four days later, over six months after claimant’s attorney initially sought Dr. Weiss’ authorization, e/c’s counsel responded by letter in which he advised that an agreement could probably be reached on authorization of a neurologist but that Dr. Weiss was “definitely not acceptable.”
In due course, a hearing was held on claimant’s claim and on March 29,1988, the dc entered the order which is the subject of this appeal.
With respect to that portion of the dc’s order authorizing Dr. Weiss and awarding payment of his bills we find no fault and therefore affirm. There is competent, substantial evidence in the record to support this award. Redding v. Cobia Boat Co., 389 So.2d 1003 (Fla.1980). We also find competent, substantial evidence in the record for the award to claimant of TTD benefits. However, the decretal portion of the order awarding such benefits through the present “and continuing” is *1315 improper because it is too indefinite and fails to take into account that TTD status ends when a claimant reaches maximum medical improvement (MMI) or is able to return to work. Tavares Grove Care v. Simmons, 417 So.2d 1175 (Fla. 1st DCA 1982).
Were it not for the fact that we must reverse and remand on the remaining issue, we would correct the error in the TTD benefits award ourselves by modification as was done in Tavares Grove Care rather than by reversal and remand. However, since we find that the dc erred in establishing a beginning date for computing the penalties he awarded, on remand he can address all matters which remain unresolved consistent with this opinion.
In decretal paragraph 2) of his order, the dc established April 1, 1987 as the date from which penalties should be assessed against the e/c for nonpayment of TTD benefits. In this regard, the case of Plymouth Citrus Products v. Jackson, 417 So.2d 294 (Fla. 1st DCA 1982) is instructive. There, the claimant had an industrial accident on January 17, 1980 for which she received TTD benefits until March 8, 1980. On February 2, 1981, claimant sent a letter to the e/c requesting treatment from a Dr. Johnson. Apparently, the e/c both received and rejected the request on February 4. The court affirmed the dc’s award of penalties from February 4 but reversed penalties prior to that date stating that an award of penalties for nonpayment of benefits is proper unless nonpayment resulted from conditions over which the e/c had no control. The Plymouth Citrus Products court reasoned that, prior to receipt of the letter, the e/c had every reason to believe that claimant was not entitled to TTD benefits. The letter, however, put e/c on notice that claimant’s condition needed investigation. E/C’s refusal of medical care, which could have established claimant’s TTD status, was self-imposed ignorance on e/c’s part; hence, the e/c could no longer rely on claimant’s prior work status to avoid paying TTD benefits.
The instant case presents a situation not dissimilar to that found in Plymouth Citrus Products. Here, the dc awarded penalties from April 1,1987, the date the letter requesting a neurological evaluation was sent. To be consistent with the holding in Plymouth Citrus Products that a penalty award “should run from the ... denial of medical authorization” and should not antedate either the e/c’s receipt or denial of the request, it remains for us to determine the date upon which the e/c rejected claimant’s request. Here, unlike Plymouth Citrus Products, there was never an express rejection of claimant’s request for a neurological evaluation (emphasis supplied). Indeed, claimant’s April 1 letter requesting a response by April 15 was not answered until July 1 and, even then, the answer did not authorize a neurological evaluation but suggested an orthopedic evaluation instead. Not until six months had elapsed from claimant’s request did the e/c mention a neurological evaluation.
We agree with the dc that a rejection of claimant’s request did occur, not in so many words but by unexplained, unreasonable delay. Although e/c’s letter of July 1 suggesting an evaluation by an orthopedic surgeon could be deemed a rejection of claimant’s request for a neurological evaluation, it seems to us more in keeping with the Plymouth Citrus Products rationale to treat April 15 as the date of rejection for purposes of assessing penalties on unpaid TTD benefits. Under the holding in that case and under the facts of this case it is the earliest date from which penalties can be calculated.
In view of our holding today that unreasonable delay in responding to a claimant’s request for medical treatment and/or evaluation may constitute a rejection of that request for purposes of penalty assessment, it seems prudent for e/cs to say yea or nay to such requests in timely fashion. In doing so, they would serve their own best interest and at the same time the ends sought to be achieved by our system of workers’ compensation. Accord *1316 ingly, we affirm as to those portions of the dc's order authorizing Dr. Weiss and payment of his bills and awarding TTD benefits. However, on remand, the dc is instructed to modify the decretal portion of his order awarding TTD benefits, as follows: “The claimant is entitled to temporary total disability from April 1, 1987 until such time as claimant reaches MMI or is able to return to work, whichever first occurs.” As to e/c’s fourth point on appeal, we reverse and remand with instructions that the dc recalculate penalties for nonpayment of TTD benefits using April 15 rather than April 1 as the date from which the penalties awarded are to be calculated.
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
BOOTH and JOANOS, JJ., concur.