595 So.2d 125 (1992)
MARTIN COUNTY BOARD OF COUNTY COMMISSIONERS and Commercial Risk Management, Appellants,
v.
Jean M. JONES, Appellee.
No. 90-3614.
District Court of Appeal of Florida, First District.
February 11, 1992.
*126 Paul L. Westcott and Robert A. Donahue of Rissman, Weisberg, Barrett & Hurt, Vero Beach, for appellants.
Jerold Feuer, Miami, for appellee.
KAHN, Judge.
The employer/carrier appeal a workers' compensation order in which the Judge of Compensation Claims (JCC) determined that claimant sustained a compensable injury and awarded benefits.
Claimant is a 56-year-old woman who was employed by Martin County as an Emergency Medical Technician (EMT) and then as a 911 operator. She began her employment with the county in 1982 as an EMT. On April 14, 1986, August 25, 1986, and August 28, 1987, claimant was involved in industrial accidents which consisted of falls while employed as an EMT. As a result of her falls, she injured her right knee and hip. In early 1987, claimant had arthroscopic surgery to repair the medical meniscus in her right knee. Her orthopedic surgeon imposed restrictions on claimant which prohibit her from stooping, squatting, climbing stairs, prolonged standing, prolonged walking or prolonged sitting. After her physician advised her to avoid ambulance type work, claimant began working as a 911 dispatcher in August 1987. After 22 months, claimant quit based on the stress, the pain, and the hours. During her employment as an EMT and a dispatcher she has had some psychiatric problems. She has been receiving treatment from Dr. Alvin Rosen, a psychiatrist, for recurrent depression. He has treated claimant since June 1982. Dr. Rosen testified that claimant has a history of psychiatric problems relating back to the biochemistry of her brain and her physical, mental and sexual abuse as a child. Dr. Rosen and a second psychiatrist, Dr. Dippy, believed that claimant's work as a dispatcher was inappropriate for her based on the level of stress. They testified that claimant's industrial injuries aggravated claimant's psychiatric condition.
After hearing the evidence, the JCC awarded claimant temporary partial wage loss benefits plus interest and penalties for the period from August 6, 1989 through and including November 20, 1989 and from January 14, 1990 through and including September 1, 1990 and continuing; additional temporary total disability benefits plus interest and penalties for the period from November 21, 1989 through and including January 13, 1990 plus interest and penalties; remedial medical care under the direction of claimant's treating psychiatrist; all outstanding bills relating to claimant's psychiatric care, and all taxable court costs. The JCC reserved jurisdiction of the parties and subject matter "in the event the parties are unable to agree upon payment of those bills." The JCC also reserved *127 jurisdiction on the issue of claimant's entitlement to attorney's fees.
On appeal the E/C contend that the JCC erred in (1) ordering the E/C to provide claimant with psychiatric care for her preexisting recurrent depression and psychosis and to pay claimant temporary partial wage loss benefits; (2) ordering the E/C to pay the psychiatric bills of Dr. Rosen for the period preceding the claimant's filing of the claim when the claimant failed to show any medical emergency for the treatment; (3) requiring the E/C to pay for psychiatric treatment predating the date of the accident; and (4) awarding claimant costs, attorney's fees and penalties. We affirm in part and reverse in part.
We affirm the JCC's award of psychiatric care and temporary partial wage loss benefits based on competent, substantial evidence in the record. Although claimant had preexisting psychiatric problems, two psychiatrists testified that claimant's depression and psychosis were aggravated by her industrial accident. See Younkman v. Waste Collection Services, 576 So.2d 801, 803 (Fla. 1st DCA 1991) (even where a claimant has suffered a history of psychiatric problems, an aggravation of a psychiatric condition may be compensable if it is the direct and proximate result of an industrial accident).
The testimony of claimant, the two psychiatrists and appellant's orthopedic surgeon likewise establish competent, substantial evidence supporting the award of temporary partial wage loss benefits. Based on claimant's orthopedic injuries and the aggravation of her preexisting depression, claimant had difficulty finding employment. Moreover, the E/C did not inform her of a need for a work search prior to February 2, 1990, and therefore the JCC found claimant was excused from conducting a job search prior to that date. See Saavedra v. Cedars Medical Center, Penn General, 584 So.2d 197 (Fla. 1st DCA 1991) (claimant excused from work search where E/C failed to inform claimant of obligation to perform good faith work search). For the period subsequent to February 2, 1990, claimant introduced a six page (63 inquiry) job diary which covers the period between February 1990 and April 1990 when claimant found other employment. Competent substantial evidence supports the JCC's order which specifically rejected any assertion that claimant voluntarily limited her income, performed an insufficient job search, or failed to look for work commensurate with her physical limitations and restrictions. See Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984) (JCC's findings on adequacy of work search are factual findings and will go undisturbed absent a showing of abuse of discretion); City of Clermont v. Rumph, 450 So.2d 573, 577 (Fla. 1st DCA 1984) (an unavailing work search, sufficiently extensive and intensive, may meet the statutory requirements for prima facie proof of causation), rev. denied, 458 So.2d 271 (Fla. 1984).
We reverse the JCC's order on the issue of the payment of claimant's treating psychiatrist's outstanding medical bills prior to claimant filing a claim. The E/C correctly asserts that claimant never filed a claim or received authorization for treatment with Dr. Rosen and that without authorization or the need for emergency treatment, they are not liable for claimant's medical bills. See § 440.13(2)(b), Fla. Stat. (1987); ARA Services v. Miller, 483 So.2d 127 (Fla. 1st DCA 1986) (claimant is required to first obtain authorization for any medical treatment except in medical emergencies). Although the JCC recognized that one of E/C's defenses was that "Dr. Rosen was not authorized prior to commencing treatment," the JCC never addressed this issue or made findings on the issue. Absent findings of fact as to whether or not the JCC found the treatment was on an emergency basis, we must reverse the award of outstanding medical bills and remand for a determination of whether facts exist that would require payment by the E/C under § 440.13(2), Florida Statutes.
In their third issue, the E/C contend that the JCC erred in requiring them to pay for psychiatric treatment predating the *128 date of the accident. They assert that E/C was ordered to pay all outstanding bills relating to the psychiatric care of the claimant. However, the order states:
The parties agreed that if the aggravation of claimant's psychiatric condition were found to be compensable, then the parties will handle all medical bills administratively and the undersigned can reserve jurisdiction of the parties and subject matter in the event the parties are unable to agree upon any individual bills or the amount thereof.
... .
The claimant is in need of additional medical care and treatment for the aggravation of her pre-existing psychiatric condition, namely chronic depression; the employer/servicing agent shall furnish the claimant with such remedial treatment, care and attendance under the direction and supervision of Dr. Rosen as the nature of the claimant's injury or the process of her recovery may require in the manner and for the time provided by law. The employer/servicing agent shall also pay the outstanding medical bills relating to claimant's psychiatric treatment since the date of accidents; the parties have agreed to handle this matter administratively, jurisdiction of the parties and subject matter is reserved in the event that there is a dispute as to any individual bills.
This issue is not within our jurisdiction since the JCC indicated that the parties have agreed to handle this matter administratively, and the JCC reserved jurisdiction in the event of a dispute as to any individual bill.[1] Moreover, appellant has mischaracterized the nature of the order. The order specifically states that the E/C is required to pay for treatment and medical care for the aggravation of claimant's preexisting psychiatric condition and not the pre-accident condition itself. The order also indicates that E/C shall pay the outstanding medical bills relating to claimant's psychiatric treatment "since the date of accidents."
As to the final issue of costs, attorney's fees and penalties, we would affirm based on competent substantial evidence supporting the JCC's order.
Accordingly, we affirm the JCC's order on the award of continued psychiatric care, temporary partial wage loss benefits, costs, attorney's fees and penalties; reverse the order as to the award of claimant's outstanding psychiatric bills for the period preceding the claimant's filing of a claim; and decline to decide the issue of the payment of outstanding medical bills based on the court's reservation of jurisdiction on this issue.
BOOTH and WOLF, JJ., concur.
NOTES
[1] This order is not considered interlocutory because the JCC has made a finding of compensability and has disposed of all other issues ripe for review. As Judge Wentworth explained in Ray Roofing Co., Inc. v. Young, 419 So.2d 672, 673, n. 1 (Fla. 1st DCA 1982):

While the order appealed makes no express award of any specific benefit, at the commencement of the hearing counsel for employer/carrier indicated that medical benefits would not require adjudication and would be handled administratively "in the event of compensability." In these circumstances the deputy's finding of compensability has the ultimate effect of awarding such benefits, and we therefore do not consider that the absence of an express award of benefits would make the order interlocutory if it could otherwise be regarded as disposing of all matured issues in controversy between the parties on the claim.