611 So.2d 63 (1992)
TOWN & COUNTRY FARMS and Liberty Mutual Insurance Co., Appellants,
v.
Kim PECK, Appellee.
No. 91-3533.
District Court of Appeal of Florida, First District.
December 30, 1992.
Mark A. Massey and Daniel L. Hightower, Ocala, for appellants.
J.W. Chalkley III, Ocala, and Bill McCabe, Longwood, for appellee.
KAHN, Judge.
The employer/carrier (E/C) appeal a workers' compensation order awarding benefits. Competent substantial evidence supports the award of reimbursement for a hospital bed, payment of claimant's medical bills resulting from her suicide attempt and payment of bills for her acupuncture treatment. However, the cause must be remanded (1) for the judge of compensation claims (JCC) to make a specific finding as to whether good cause exists to excuse certain health care providers' failure to file the appropriate reports with the E/C for treatment rendered after claimant's suicide *64 attempt; (2) for claimant to provide proper proof of the amount of bills resulting from her suicide attempt and bills for her acupuncture treatment; and (3) for the taking of further evidence on claimant's need for future treatment.
Section 440.13(2)(d), Florida Statutes, provides in part:
The employee shall not be entitled to recover any amount personally expended for such treatment or service unless he has requested the employer to furnish the same and the employer has failed, refused, or neglected to do so or unless the nature of the injury required such treatment ... and the employer ... having knowledge of such injury, has neglected to provide the same. Nor shall any claim for medical, surgical, or other remedial treatment be valid and enforceable unless, within 14 days following the first treatment, ... within 15 days following the date of maximum medical improvement or the date of final treatment, and at such intervals as the division by regulation may prescribe, the health care provider or health care facility giving such treatment or treatments furnishes to the employer, or to the carrier if the employer is not self-insured, a report of such injury and treatment on forms prescribed by the division; however, a judge of compensation claims, for good cause may excuse the failure of the health care provider or health care facility to furnish any report within the period prescribed and may order the payment of such employee of such remuneration for treatment or service rendered as the judge of compensation claims find equitable... .
Although the above notice and filing requirements may be excused in emergency situations, Curtis v. Florida Correctional Institution, 509 So.2d 1192 (Fla. 1st DCA 1987), Willard Kaufman Co. v. Rawlings, 414 So.2d 641 (Fla. 1st DCA 1982), the JCC is required to make a specific finding of good cause to excuse a claimant's failure to request authorization and good cause to excuse a health care provider's failure to comply with the statutory reporting requirement based on the nature of claimant's injury. Inn Service Corp., Inc. v. Diaz-Aller, 536 So.2d 307 (Fla. 1st DCA 1988); Sunland Training Center v. Brown, 396 So.2d 278 (Fla. 1st DCA 1981); Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981). Here, the JCC made no finding at all regarding good cause to excuse the failure of claimant's health care providers to furnish medical reports regarding their treatment of claimant resulting from her suicide attempt. Therefore, the case must be remanded for the JCC to make a specific finding regarding whether good cause exists. City of Ft. Lauderdale v. Kennedy, 532 So.2d 6 (Fla. 1st DCA 1988); Walt Disney World Co. v. Schiebel, 397 So.2d 1004 (Fla. 1st DCA 1981); Broward Industrial Plating, Inc. v. Weiby, supra.
Generally, an order directing payment of medical bills is improper unless the medical bills are placed in evidence or there is clear and unequivocal testimony as to the amount of bills. In situations where the evidence is insufficient to establish the amount of all of the bills, this court has remanded the cause for submission of proper proof of the amount of the bills. Litton Laser Systems v. Chapman, 596 So.2d 1212 (Fla. 1st DCA 1992); Coastal Lumber Co. v. Nimmo, 580 So.2d 348 (Fla. 1st DCA 1991); Martin Marietta Corp. v. Glumb, 523 So.2d 1190 (Fla. 1st DCA 1988); Metropolitan Dade County v. Moss, 568 So.2d 492 (Fla. 1st DCA 1990). This case is therefore remanded with directions to the JCC to receive evidence on the proper amount of past medical bills for treatment resulting from claimant's suicide attempt and for her acupuncture treatment.
As to the award of future medical treatment, we reverse and remand for the JCC to take further evidence on this issue.[1] We note that in this case the record indicates that claimant may need further psychiatric *65 care based on her suicide attempt, her release from the psychiatric hospital against her doctor's advice, her continued use of anti-depression medication and her chronic pain which previously led to her suicide attempt. However, the JCC authorized Drs. Vandermeer, Darbyshire, and Healey and Cape Cod Psych Hospital and Cape Cod Hospital for prospective treatment without making findings and without evidence as to the type of treatment required or the medical necessity of such treatment as required by section 440.13(2), Florida Statutes. Reynolds v. Neisner Bros., Inc., 436 So.2d 1070 (Fla. 1st DCA 1983) (absent evidence of any residual need for future medical treatment, claimant was not entitled to award of future medical benefits); Area Electric Service, Inc. v. Cunningham, 538 So.2d 471 (Fla. 1st DCA 1989) (reversed and remanded for the JCC to hear more evidence on issue of TTD where the record was inconclusive regarding whether or not claimant was TTD throughout the period award by the JCC).
The JCC did not err in awarding costs pursuant to section 440.34(5), Florida Statutes; however, the amount of the award should reflect only those benefits allowed by this court and those benefits retained on remand after the JCC has made further findings.
We affirm in part, and reverse in part, the JCC's order. We remand the cause to the JCC with directions (1) to make a specific finding pursuant to section 440.13(2)(d) as to whether good cause exists to excuse the failure of the health care providers to provide E/C with the appropriate medical reports; (2) to allow claimant to present proper proof on the amount of bills in question; and (3) to take further evidence on the need for future medical treatment by Drs. Vandermeer, Darbyshire, and Healey and Cape Cod Psych Hospital and Cape Cod Hospital.
MINER and ALLEN, JJ., concur.
NOTES
[1] We establish no general rule allowing claimant another bite of the apple, where competent substantial evidence does not support the award of future medicals. Ms. Peck's case is somewhat out of the ordinary based on the severity of her injuries and the carrier's past failure to timely investigate claims and provide necessary care.