WOLF, Judge.
The self-insured employer, Tropicana Products, Inc., raises three issues on appeal: (I) Whether the judge of compensation claims (JCC) erred in finding that a visit to an authorized treating physician’s office is sufficient to toll the statute of limitations under the facts of this case; (II) whether the JCC erred in awarding past and future medical bills of Dr. Hundley without making findings concerning the authorization of Dr. Hundley, nor findings of whether the medical bills were reasonable and necessary or whether the care was related to the employee’s accident; and (III) whether the JCC erred in ordering that claimant’s attorney’s fee be determined by affidavit. We find no error as to issue I, and affirm without further discussion as to that issue. We reverse and remand, however, as to issues II and III.
After determining that the claim was not barred by the statute of limitations, the JCC ordered the employer to be responsible for past and future medical bills of Dr. Hundley as well as payment of attorney’s fees and costs. The JCC made no findings in support of the award of past or future medical benefits. He also ordered that the amount of attorney’s fees be addressed by affidavit, and denied the employer a right to a hearing on this matter.
The claimant properly concedes that it was error for the JCC to deny the employer the right to a hearing on the issue of the amount of attorney’s fees owed to the claimant. We reverse and remand for a hearing on this matter.
In Martin County Bd. of County Comm’rs v. Jones, 595 So.2d 125 (Fla. 1st DCA 1992), this court reversed the JCC’s order on the issue of payment of claimant’s treating psychiatrist’s outstanding medical bills where the employer/carrier (E/C) correctly asserted that the claimant never filed a claim or received authorization for treatment and the JCC never addressed this issue or made findings on the issue. “Absent findings of fact as to whether or not the JCC found the treatment was on an emergency basis, we must reverse the award of outstanding medical bills and remand for a determination of whether facts exist that would require payment by the E/C under section 440.13(2), Florida Statutes.” Id. at 127. Similarly, in State v. Vice, 601 So.2d 1294 (Fla. 1st DCA 1992), this court reversed and remanded for findings where the JCC failed to make findings in regard to whether there was “good cause” for the claimant’s treating physician’s failure to provide reports to the appellants, and where there were no findings as to the reasonableness and the necessity of treatment provided for which payment was sought.
In Town & Country Farms v. Peck, 611 So.2d 63 (Fla. 1st DCA 1992), this court reversed an award of future medical treatment and remanded for the JCC to take further evidence where the JCC authorized prospective treatment without making findings and without evidence as to the type of treatment required or the medical necessity of such treatment as required by section 440.13(2), Florida Statutes. In the instant case, as in Town and Country Farms, it appears that further evidence on the need for future medical treatment by Dr. Hundley may need to be taken where it is not evident from the JCC’s order what record evidence, if any, the JCC relied upon in making the award. See also Kessler v. Community *700 Blood Bank, 621 So.2d 589 (Fla. 1st DCA 1993) (JCC’s holding that qualified medical treatment was provided without specific findings as to the reasonableness and necessity of future medical treatment reversed, and the JCC ordered on remand to make appropriate findings in accord with statutory language and requirements). In light of the lack of findings as to the entitlement to medical benefits, we must reverse for further proceedings as to this matter. In light of some confusion concerning whether evidence was to be presented on the issue of entitlement to medical benefits at the hearing, we feel that it would be appropriate for the JCC to take further evidence.
JOANOS and BENTON, JJ., concur.