670 So.2d 1141 (1996)
EMRO MARKETING and Frank Gates Service Co., Appellants,
v.
Sharon I. SCHWIER, Appellee.
No. 95-2505.
District Court of Appeal of Florida, First District.
April 1, 1996.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellants.
E. Raymond Shope, Naples, for appellee.
KAHN, Judge.
In this workers' compensation case, appellee Sharon Schwier sought temporary total *1142 disability (TTD) benefits from January 13, 1994, "and continuing." After a hearing conducted on April 6, 1995, the judge of compensation claims (JCC) entered an order requiring appellants to pay TTD benefits "from January 14, 1994, through the date of the April 6, 1995, final hearing." The order did not rule on entitlement to temporary total disability benefits after April 6, but instead specifically reserved jurisdiction "over any temporary total disability compensation benefits accruing after April 6, 1995."
This court carefully screens each workers' compensation order on appeal to determine the finality of the order. With narrow exceptions, nonfinal orders in workers' compensation cases are not immediately appealable. Such a screening in the present case revealed the JCC's reservation of jurisdiction. Because of our concern that the entire claim for TTD benefits from January 13, 1994, and continuing was ripe for adjudication, we issued an order directing appellants to show cause why this appeal should not be dismissed as a nonappealable, nonfinal order because the JCC reserved jurisdiction on a matter ripe for review, i.e., the portion of the claim requesting benefits from the date of the hearing and continuing.
Appellant Emro Marketing (Emro) has now responded to our order to show cause. In its response, Emro argues first that any benefits for periods after the hearing were not ripe for determination at the time of the final hearing. Emro next notes the "piecemeal" nature of workers' compensation appellate proceedings, citing Hines Electric v. McClure, 616 So.2d 132, 135, n. 6 (Fla. 1st DCA 1993). Emro argues that because of this piecemeal nature, the JCC's inclusion of a reservation of jurisdiction is simply "an additional statement (that) is unnecessarily thrown in" and "hardly changes the simple fact that all claims ripe for adjudication at the time of the April 6, 1995 final hearing were in fact adjudicated." Finally, Emro argues that appellee Schwier joins with appellants in urging this court to retain jurisdiction and decide this appeal on its merits. Having considered these arguments, we dismiss this appeal because the order is nonappealable.
Although workers' compensation cases often do proceed in a piecemeal manner, appeals may generally be taken only in two instances. First, orders which adjudicate all matters ripe for hearing may always be immediately appealed, even though it is apparent that the particular order does not in any way finally resolve the case. Bradley v. Hurricane Restaurant, 652 So.2d 443, 444 (Fla. 1st DCA 1995) ("By definition, a worker's compensation order that decides all issues ripe for adjudication is a final order and appealable."); Town of Palm Beach v. Watts, 426 So.2d 1312, 1313 (Fla. 1st DCA 1982) ("Compensation proceedings may, of course, generate successive appealable final orders, each covering all benefits then due and not agreed between the parties."). Second, nonfinal orders may be reviewed subject to the constraints of Rule 4.160(a)(1), Florida Rules of Workers' Compensation Procedure. In re Amendments to the Fla. R. Work. Comp. P., 664 So.2d 945, 946 (Fla.1995).
In the present case, appellants argue only that the order on review is a final order. The order is final, Emro reasons, because it adjudicates all matters ripe for review. Our jurisdiction therefore depends upon whether the claim for continuing benefits was in fact ripe for review at the time of the April 6 hearing.
An award of TTD benefits is proper "until such time that claimant reaches MMI [maximum medical improvement] or is able to return to work, whichever first occurs." Tavares Grove Care v. Simmons, 417 So.2d 1175, 1176 (Fla. 1st DCA 1982); accord Carnegie Gardens v. Mize, 538 So.2d 1313, 1314-16 (Fla. 1st DCA 1989) (TTD status ends when a claimant reaches MMI or is able to return to work). Although this court has corrected awards of TTD until the date of the hearing (and modified them to read until claimant reaches MMI or is able to return to work, whichever occurs first), those cases did not involve a situation in which the JCC reserved jurisdiction for the period following the date of the hearing, as the JCC did here. See City of Miami v. Grenka, 423 So.2d 565, 566 (Fla. 1st DCA 1982); see also City of Ocala v. Collins, 453 So.2d 115, 116 (Fla. 1st *1143 DCA 1984) (modifying award of TTD until claimant reaches MMI to read until claimant reaches MMI or is able to return to work, whichever occurs first).
Further, only a final order "in full force and effect" may be enforced in a rule nisi proceeding. Benedict v. Executive Risk Consultants, Inc., 616 So.2d 525, 526 (Fla. 4th DCA 1993). Case law indicates that an award of TTD benefits until a claimant reaches MMI will be enforced by a rule nisi. Pierce v. Aetna Ins. Co., 519 So.2d 754 (Fla. 4th DCA 1988); Phoenix Assurance Co. of N.Y. v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla.1964).
We must therefore conclude that because appellee requested TTD benefits continuing after the date of the final hearing, the entire claim was ripe for review at the time of the April 6 hearing. The JCC's reservation of jurisdiction as to that portion of the claim after the hearing renders the order nonfinal. See, e.g., Venice Hosp. v. Nelson, 445 So.2d 621, 622 (Fla. 1st DCA 1984) ("[T]he order does not resolve all matured issues in controversy and is therefore an interlocutory order not reviewable by appeal.").[*]
APPEAL DISMISSED.
BARFIELD and DAVIS, JJ., concur.
NOTES
[*] Appellee's attempted "concession" that the order is final does not aid appellants because jurisdiction may never be conferred by stipulation of the parties. See, e.g., Evans v. State, 647 So.2d 180 (Fla. 1st DCA 1994); Department of Military Affairs v. Griffin, 530 So.2d 1029, 1030 (Fla. 1st DCA 1988); Lovett v. City of Jacksonville Beach, 187 So.2d 96, 99 (Fla. 1st DCA 1966), appeal dismissed, 200 So.2d 179 (Fla.1967).