PER CURIAM.
The judge of compensation claims (“JCC”) ordered that “[pjayment of all past psychological treatment shall be born[e] by the Employer/Carrier.” As far as the record reflects, Sheila Tomblin did not request authorization for psychological treatment until December 4, 1995. See § 440.13(2)(d), Fla. Stat. (Supp.1990); see also Martin County Bd. of County Comm’rs v. Jones, 595 So.2d 125, 127 (Fla. 1st DCA 1992) (holding that an employer has no liability for medical treatment “without authorization or the need for emergency treatment”). We therefore modify the JCC’s order to apply only to psychological treatment that occurred after December 4, 1995, and remand for the JCC to determine exactly which medical bills the appellants must pay. In all other respects, we affirm.
BENTON, VAN NORTWICK, and PADOVANO, JJ., concur.