WEBSTER, J.
In this workers’ compensation case, the employer and servicing agent raise five issues, and the claimant cross-appeals, raising a single issue. The employer and servicing agent argue that (1) the finding that claimant’s medical problems were caused by work-related accidents is not supported by competent, substantial evidence; (2) the finding that claimant met a medical listing for social security disability, thereby qualifying him for permanent total disability benefits, is not supported by competent substantial evidence; (3) the finding that claimant was entitled to temporary total disability benefits from January 21, 1998, to May 6, 1998, is not supported by competent, substantial evidence; (4) it was error to permit claimant to testify regarding his religious beliefs; and (5) it was error to direct that certain medical bills be paid because the bills were not submitted into evidence, and there was no testimony regarding their amount. On the cross-appeal, claimant argues that it was error to deny his request for penalties. We affirm as to the first three issues raised by the employer and servicing agent because it is clear from the record that all of the findings challenged are supported by competent, substantial evidence. See, e.g., Mercy Hosp. v. Holmes, 679 So.2d 860, 860 (Fla. 1st DCA 1996) (“the standard of review in worker’s [sic] compensation cases is whether competent substantial evidence supports the decision below, not whether it is possible to recite contradictory record evidence which supported the arguments rejected below”) (emphasis in original); Florida Mining & Materials v. Mobley, 649 So.2d 934, 934 (Fla. 1st DCA 1995) (“case[s] may not be retried on appeal, and a ruling which is supported by competent substantial evidence will be upheld even though there may be some persuasive evidence to the contrary”). We affirm as to the fourth issue raised by the employer and servicing agent because the issue was not adequately preserved and, even if it was, it is clear that the judge of compensation claims was not influenced in any way by the testimony. Although we also affirm as to the last issue raised by the employer and servicing agent, we remand for further proceedings because there is insufficient evidence in the record to establish the amounts of all of the medi *580 cal bills. Finally, we reverse the denial of claimant’s request for penalties, raised on the cross-appeal, and remand that issue for further consideration.
The employer and servicing agent argue that the portion of the order directing that certain medical bills be paid must be reversed because no evidence was presented to establish either that the services for which they were presented were medically necessary and causally related to the work-related accidents, or their amounts. Our review of the record satisfies us that competent, substantial evidence was presented establishing that the services were medically necessary and causally related to the work-related accidents. We do agree, however, that insufficient evidence was presented to establish the amounts of all of the bills. In the past, we have affirmed in such circumstances, but remanded for further proceedings at which the parties are to be afforded an opportunity to present evidence as to the amounts of the bills. E.g., Town & Country Farms v. Peck, 611 So.2d 63, 64 (Fla. 1st DCA 1992); Martin Marietta Corp. v. Glumb, 523 So.2d 1190, 1194-95 (Fla. 1st DCA 1988). We again do so here.
It appears that the judge of compensation claims denied claimant’s request for penalties because the employer and servicing agent filed notices of denial within 14 days of the filing of the petitions for benefits. On the cross-appeal, claimant argues that the analysis used to determine whether penalties were due was erroneous, relying on' our decision in Eastern Industries, Inc. v. Burnham, 750 So.2d 748 (Fla. 1st DCA 2000). We agree.
In Burnham, decided shortly before the order under review was rendered, we concluded that penalties might be appropriate pursuant to section 440.20(6), Florida Statutes (Supp.1994), even if a notice of denial was filed within 14 days of the filing of the petition for benefits. Id. at 750. We said that section 440.20(6)
mandates a “punitive penalty” on the employer or carrier who refuses to pay compensation benefits at the time the facts then known to the employer and carrier would support an obhgation to pay, unless a notice is filed under section 440.20(4) [the “pay and investigate” provision] or unless such non-payment results from circumstances over which the employer or carrier had no control. ... The JCC makes the determination to levy this penalty at the time of the merits hearing, but based upon the facts known to the employer and carrier as of the date the claimant alleges the payment of benefits was due. Thus, under subsection (6), an employer or carrier, who is faced with competent, substantial evidence that supports the elements establishing an obhgation to pay benefits, refuses at its peril either to make payment within 7 days of obtaining knowledge of the evidence supporting the payment obhgation or to comply with subsection (4) [the “pay and investigate” provision].
Id. at 751. The substantive provisions of the pertinent portions of section 440.20, Florida Statutes (1997), which is applicable here, are identical to those addressed in Burnham.
It is undisputed that the employer and servicing agent did not invoke section 440.20(4) (the “pay and investigate” provision), and there does not appear to be anything in the record to suggest that “non-payment resulted] from conditions over which the employer or [servicing agent] had no control.” § 440.20(6), Fla. Stat. (1997). The parties do, however,'appear to dispute when the employer or servicing agent became aware of “competent, substantial evidence that supports the elements establishing an obhgation to pay *581 benefits.” Burnham, 750 So.2d at 751. Because the evidence is conflicting, we believe that the better course is to afford the judge of compensation claims an opportunity to make findings as to when the employer or servicing agent became aware of such evidence and to determine, based on those findings, whether penalties are appropriate pursuant to Burnham. Accordingly, we reverse the denial of penalties, and remand for further proceedings on that issue consistent with this opinion.
In summary, we affirm as to all issues raised by the employer and servicing agent. However, as to the issue regarding payment of certain medical bills, we remand for further proceedings at which the parties are to be afforded an opportunity to present evidence as to the amounts of the bills. On the cross-appeal, we reverse the denial of penalties, and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN and BENTON, JJ., CONCUR.