ERVIN, J.
We affirm the denial of payment for the costs relating to the surgery performed by Dr. Fitzgerald on March 5, 1999, because claimant failed to request prior authorization for the surgery, as required by sections 440.13(2)(c) and 440.13(3)0), Florida Statutes (Supp.1994). In so ruling, we note that the voluntary dismissal claimant filed in April 1997, relating to the pain-management claim included in the 1996 petition for benefits, acted to dismiss the entire petition. See Perez v. Winn-Dixie, 639 So.2d 109 (Fla. 1st DCA 1994).
We reverse, however, the denial of penalties authorized by section 440.20(6), Florida Statutes (Supp.1994), because the employer/carrier (E/C) failed to pay temporary total disability (TTD) benefits that were awarded for the period from March 5 to May 27, 1999, pursuant to a second petition for benefits filed on April 23, 1999. As explained in Eastern Industries, Inc. v. Burnham, 750 So.2d 748 (Fla. 1st DCA *596 2000), an E/C can no longer avoid penalties under the 1994 statute simply by filing a notice of denial within 14 days of a claim. Rather, the E/C must either pay the benefits within seven days or exercise the 120-day pay-and-investigate option under section 440.20(4). Here, the E/C did neither, yet it contends on appeal, based on section 440.20(6) and Burnham, that penalties are not due, because it was unaware of claimant’s surgery on March 5, 1999, and thus nonpayment resulted from conditions over which it had no control.
Although the E/C may have been unaware initially of claimant’s surgery and resultant temporary disability, it was on notice of the TTD claim, based upon the petition for benefits claimant had executed on April 23, 1999, and filed -with the Division on May 10, 1999.. Because the E/C did not pay the TTD benefits within seven days, as required by section 440.20(6), or exercise the 120-day pay-and-investigate option under section 440.20(4), it appears that the JCC should have awarded penalties under section 440.20(6). Nevertheless, because the JCC did not have the benefit of Burnham when he entered the final order, we reverse and remand with directions to reconsider the penalty issue in accordance with the 1994 amendments and Burnham. See also Service Mgmt. Sys. v. Hood, 790 So.2d 578 (Fla. 1st DCA 2001) (reversing and remanding penalty issue to determine whether penalties were appropriate under Burnham and, if so, from what date).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WEBSTER and BENTON, JJ„ CONCUR.