PER CURIAM.
Claimant Alberique Thomas appeals the Judge of Compensation Claim’s order denying him compensation for certain medical treatments and temporary total and temporary partial disability benefits arising from two separate work accidents in which claimant injured his back. The JCC denied compensation, at least in part, because claimant failed to establish medical causation. While claimant’s testimony below indicates that his treatments and disability were causally related to his employment, claimant’s counsel failed to present the requisite medical evidence that his work accidents were the major contributing cause of his need for treatment and his current disability. See Vadala v. Polk County Sch. Bd., 822 So.2d 582, 583-84 (Fla. 1st DCA 2002) (stating that lay testimony alone is “insufficient to establish a causal connection as to conditions and symptoms not readily observable”).
Claimant’s counsel also failed to submit the medical bills for which claimant sought compensation into evidence. Without these bills, even had claimant proven com-pensability, the JCC properly declined to award payment for the medical treatment. See Town & Country Farms v. Peck, 611 So.2d 63, 64 (Fla. 1st DCA 1992) (stating that “an order directing payment of medical bills is improper unless medical bills are placed in evidence or there is clear and unequivocal testimony as to the amount of bills”).
Therefore, we must affirm the JCC’s order denying compensation.
BENTON, BROWNING and POLSTON, JJ., CONCUR.